**Candace HARPER, Plaintiff,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant.**

**No. CV 09–2254.**

United States District Court, E.D. New York.

Oct. 13, 2011.

Klafter Olsen & Lesser LLP, by: Seth R. Lesser, Esq., Fran L. Rudich, Esq., Jeffrey A. Klafter, Esq., Rye Brook, NY, Thornton & Naumes, LLP, by: Robert M. Byrne, Esq., Marilyn McGoldrick, Esq., Joseph R. Donohue, Esq., Boston, MA, Berger Attorney, P.C., by: Bradley I. Berger, Esq., New York, NY, for Plaintiff.

Shawe & Rosenthal, LLP, by: Bruce S. Harrison, Esq., Eric Hemmindinger, Esq., Baltimore, MD, Dorsey & Whilney LLP, by: Laura M. Lestrade, Esq., New York, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this case Plaintiff Candace Harper ("Plaintiff" or "Harper") seeks overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and a parallel provision of New York State law, against her former employer, Government Employees Insurance Company ("Defendant" or "GEICO"). Previously before the court was Defendant's motion for summary judgment. That motion argued that Plaintiff is statu-torily exempt from the requirement that overtime compensation be paid. This court denied that motion and ordered that the parties begin discovery.

Presently before the court is Defendant's appeal of an order of Magistrate Judge Arlene Rosario Lindsay granting Plaintiff's request for conditional collective action certification pursuant to 29 U.S.C. § 216(b). For the reasons that follow, Defendant's objections are overruled and the order of the Magistrate Judge is affirmed.

## DISCUSSION

### I. *Standard of Review*

■ A motion to authorize a collective action, unlike a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, is a non-dispositive motion upon which a Magistrate Judge has authority to rule. *Gortat v. Capala Bros., Inc.,* 2010 WL 1423018 *8 (E.D.N.Y.2010); *Mazur v. Olek Lejbzon & Co.,* 2005 WL 3240472 *2 n. 1 (S.D.N.Y. 2005). Accordingly, pursuant to Rule 72 of the Federal Rules of Civil Procedure this court will modify or set aside any part of the order appealed from only if such matter is "clearly erroneous or contrary to law." FRCP 72(a).

### II. *FLSA Actions Seeking Overtime Compensation and Certifying a Collective Action*

■ The FLSA requires that those who work more than forty hours per week be compensated at the rate of one and one-half times the minimum wage. 29 U.S.C. § 207(a)(1); *Howard v. Port Authority of New York, New Jersey,* 684 F.Supp.2d 409, 412 (S.D.N.Y.2010). In addition to providing for compensation, the FLSA provides that "one or more employees" may move to have their case certified as a collective action "for and in behalf of ... themselves

and other employees similarly situated." 29 U.S.C. § 216(b). A court may authorize "conditional certification" as a collective action and thereafter authorize the sending of notice to all who may be so similarly situated. Those receiving such notice have the ability to "opt in" as members of the collective action and participate therein. *Jason v. Falcon Data Com, Inc.*, 2011 WL 2837488 *4 (E.D.N.Y.2011). Unlike class actions sought to be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, a collective action may be certified without reference to the factors of numerosity, typicality, commonality or nature of representation. *See Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 57–58 (E.D.N.Y.2011); *Young v. County of Nassau*, 2010 WL 161593 *1 (E.D.N.Y.2010). Instead, the court considers only whether the employees to whom notice is requested to be sent are similarly situated to the plaintiff.

■ The Second Circuit has approved of use of a two step process in the FLSA certification process. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir.2010). First, the district court makes an initial determination as to whether to send "opt in" notice to individuals who may be similarly situated to the plaintiff and are therefore potential class members. The order to send such notice can be based upon a modest showing of similarity, in that the potential members and the named plaintiff were all "victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (citation omitted). Importantly, the first stage of the process, although referred to as "certification," is merely the exercise of the discretionary power to send out notice to the potential "opt-ins." *Myers*, 624 F.3d at 555 n. 10. At the second stage of the proceeding the court, with the benefit of a "fuller record," can determine whether it is appropriate to con-

tinue the matter as a collective action. At that stage, the court can determine whether those who have opted in are, in fact, similarly situated to the named plaintiff. In the event the court finds that such individuals are not so situated, the court may de-certify the collective action. Upon decertification, the opt in plaintiffs are dismissed and the case proceeds as an action on behalf of only the named plaintiff. *Myers*, 624 F.3d at 537.

### III. *Disposition of the Appeal*

■ The court has reviewed the decision of the Magistrate Judge and the submissions of the parties. Upon that review, the court holds that the decision providing for conditional collective certification and the sending of notice to potential opt-in members of the class should not be disturbed. First, it is clear that the Magistrate Judge applied the correct legal standard, following the procedure set forth in *Myers*. Thus, that court properly considered whether the modest factual showing necessary to order conditional certification and the sending of opt-in notice was met. In support of the order, the Magistrate Judge noted that the class of employees argued to be similarly situated perform the same essential duties and are all considered as exempt. The employees identified all use the same claims manual and the same "Claims IQ" program. These showings are sufficient to support conditional collective action certification at this point in the proceeding.

■ Defendant's main objection is that because some discovery has been completed, the Magistrate Judge erred in applying the first tier analysis, as set forth above in *Myers*. Instead, it is argued that the a more stringent post-discovery analysis should have been applied, and that such analysis would have revealed clearly that the proposed class of opt-in plaintiffs is

not, in fact, similarly situated to the Plaintiff. Defendant cites no binding authority for application of such a standard and the court finds none. Instead, courts in this circuit hold generally that until the completion of discovery, the first tier analysis set forth in *Myers* applies. *See, e.g., Jason*, 2011 WL 2837488 *4 (second step of *Myers* inquiry typically occurs "after the completion of discovery"); *Cano v. Four M Food Corp.*, 2009 WL 5710143 *4 (E.D.N.Y.2009) (same).

In view of the fact that some, but not all discovery has been completed, the court holds that the Magistrate Judge used the proper legal standard to the assessment of whether a collective action should be conditionally certified. The application of that standard to the facts here was equally appropriate, and was neither clearly erroneous nor contrary to law.

### CONCLUSION

This court has reviewed Defendant's objections to the order of Magistrate Judge Lindsay which granted conditional collective action certification and concludes that the order appealed from should be affirmed. Accordingly, Plaintiff's objections are hereby overruled and the Order of Magistrate Judge Lindsay appearing as docket entry number 46 is affirmed. The Clerk of the Court is directed to terminate the motions appearing at docket entries numbered 36 and 46.

SO ORDERED.